IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANJANA A. DOSSA,

        Plaintiff,

vs.

        Case No. 06-1263-JTM

MICHAEL W. WYNNE,
Secretary, Department of Air Force,

        Defendant.

MEMORANDUM AND ORDER

      On June 19, 2004, plaintiff Anjana Dossa was terminated from her position as Supervisory General Engineer (GS-13) at McConnell Air Force Base in Wichita, Kansas. Dossa was terminated following expressions of concern about her performance by James Condon, Deputy Base Engineer at McConnell. Condon had been responsible for first hiring Dossa in 1999.

      Dossa appealed her termination to the Merit Systems Protection Board (MSPB), alleging that her termination was the product of gender and national origin (Indian) discrimination, and as retaliation for previously filing a Complaint with the Equal Employment Opportunity Commission. An Administrative Judge (AJ) of the MSPB conducted an evidentiary hearing on March 28 and 29 of 2005. Dossa testified, and presented the testimony of one other witness. On October 19, the AJ entered a decision holding that Dossa had presented no evidence of gender or national origin discrimination, and had failed to prove her claim of retaliation by a preponderance of the evidence.

This order was upheld by a Final Order on April 27, 2006 after Dossa sought reconsideration. Dossa sought review of the Final Order from the EEOC, which concurred with the findings in the Final Order on August 2, 2006. Dossa filed this action on August 29, 2006.

The defendant has moved to dismiss the action for two reasons. First, defendant argues that Dossa failed to exhaust her administrative remedies when she presented no evidence in support of her discrimination claims at the March, 2005 evidentiary hearing. Second, the defendant argues that the court has no "mixed case" jurisdiction under 5 U.S.C. § 7703(b)(2) where a plaintiff's complaints are limited to claims of retaliation.

Ordinarily, any review of an MSPB decision is conducted by the United States Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(d). However, since the present case involves claims of unlawful discrimination, it is considered a "mixed case" and the review is properly made by a district court. 5 U.S.C. § 7703(b)(2). *Burfield v. Norton*, 69 Fed.Appx. 940 (10th Cir. 2003).

Claims of discrimination in MSPB mixed cases are not considered administratively exhausted unless a claimant presents both allegations and evidence of that discrimination to the MSPB.

> The administrative exhaustion requirement applies regardless of which administrative path the federal employee elects. If the employee chooses to go the EEO route, he or she simply files a complaint with the EEO department of the employing agency. The EEO officer then conducts an investigation and comes to a conclusion. The employee can then file an appeal to the EEOC and thereafter proceed to federal court, without the obligation to present evidence to an ALJ in order to exhaust his or her administrative remedies. *If the employee chooses to appeal to the MSPB, however, the employee will have a hearing at which he or she must raise his or her claims of discrimination and present evidence in support of those claims in order to exhaust the administrative remedy.*

*Coffman v. Glickman*, 328 F.3d 619, 624 (10th Cir. 2003) (emphasis added, citations omitted). Here, Dossa chose to appeal her termination to the MSPB, but then failed to provide any evidence of discrimination.

In her responsive Declaration, Dossa suggests that the AJ barred her from presenting evidence and failed to consider additional theories of discrimination. But a careful review of the cited portions of the hearing transcript indicates that the AJ did not affirmatively prevent her from introducing evidence of discrimination, but rather restricted some questioning *provisionally* as a means of restricting irrelevant questions and hence advancing the hearing.[1] The AJ did not generally thwart Dossa from introducing evidence of discrimination; she was given opportunities for the presentation of such evidence. No such evidence was presented. There is no indication in the record that Dossa's counsel was prevented from generally inquiring into the allegedly discriminatory motivations of Dossa's supervisors.

Similarly, the importance of the AJ's failure to separately discuss findings concerning additional theories of discrimination such as pretext or mixed motive is also limited. That is because the AJ explicitly determined that Dossa had failed to provide any evidence of discrimination, no matter what the theory. The AJ concluded:

> The appellant claims that the instant action was based on discrimination against her because of her sex and her national origin (she is Indian). Although provided an opportunity to do so, aside from the appellant's basic allegations, she has simply presented no evidence in support of her claims of sex and national origin discrimination. The appellant does not claim that she was treated in a disparate fashion from other similarly situated male employees not of her national origin (in

---

[1]The AJ restricted additional questioning about examples of substandard performance which were not in the Notice of Proposed Removal given to Dossa. The questions were irrelevant, the AJ held, since only the examples actually cited in the Notice were the basis for the termination.

> this instance, this would be limited to other male, non-Indian Supervisory General Engineers, if any, who worked for Condon, the proposing and deciding official). Finally, the appellant presented no other evidence in support of her claim of national origin and sex discrimination such as ethnic slurs or sexist remarks. Thus, I need not address the appellant's discrimination claim in this appeal.

(Def. Exh. A-2, at 12).

This determination by the AJ is consistent with the evidence. Condon testified that Dossa's race and national origin played no role in his decision. There is no evidence demonstrating that the concerns with Dossa's performance were pretext for discrimination, rather than good faith concern over critical failures with regard to Dossa's failure to control her department and her lack of communications with her staff. Dossa herself admitted during the hearing that she kept to herself and withdrew from communicating with her staff. Dossa has not directly cited to any portion of the hearing transcript in which evidence — as opposed to mere allegation — of discrimination was affirmatively presented at the hearing.

Dossa failed to administratively exhaust her remedies when she provided no evidence of discrimination at the evidentiary hearing. This court cannot entertain those claims of discrimination here.

Nor can the court separately consider Dossa's claim of retaliation. The court's jurisdiction to hear "mixed case" appeals of MSPB decisions is governed by 5 U.S.C. § 7703(b)(2). This statute provides:

> Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 169(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable.

The cited provision of Title VII (42 U.S.C. § 2000e-16(c)) governs claims of discrimination only, not retaliation.  Retaliation is separately prohibited under another provision of Title VII, 42 U.S.C. § 2000e-3.  By its express terms, § 7703(b)(2) only provides for mixed case jurisdiction in cases alleging discrimination, not those in which the claim is retaliation.  The court is persuaded that the allegation of retaliation is insufficient to create jurisdiction to consider Dossa's claims.  Since the court is without mixed case jurisdiction, the defendant's motion to dismiss will be granted.

IT IS ACCORDINGLY ORDERED this 19th day of June, 2007 that the defendant's Motion to Dismiss (Dkt. No. 4) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE