IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANJANA A. DOSSA,

        Plaintiff,

vs.                            Case No. 06-1263-JTM

MICHAEL W. WYNNE,
    Secretary, Department of Air Force,

        Defendant.

MEMORANDUM AND ORDER

      This matter is before the court on the motion for reconsideration of plaintiff Anjana Dossa. (Dkt. No. 20). Dossa seeks reconsideration of the court's order of June 19, 2007. (Dkt. No. 16). the court in that order held that Dossa had failed to present evidence of discrimination at the MSPB hearing, and further that Dossa's retaliation claim was not actionable under 42 U.S.C. § 7703(b)(2).

      The court will deny the motion before the court. Dossa's motion for reconsideration fails to meet the standards for such a motion. A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its

strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd,* 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Nothing in Dossa's motion supports the relief sought. Rather, by asking the court to "explain" why her presentation to the MSPB panel was insufficient, (Dkt. No. 18, at 2), Dossa appears to merely reiterate her earlier arguments. This is insufficient for a motion for reconsideration. The MSPB presentation was insufficient because it was not premised on evidence rather than assertion and argument. The plaintiff has failed to show that the court misapprehended her position, the facts, or the applicable law.

IT IS ACCORDINGLY ORDERED this 25th day of July, 2007, that the plaintiff's Motion for Reconsideration (Dkt. No. 18) is hereby denied.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE

2