# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANJANA A. DOSSA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-1263-JTM |
| | ) | |
| MICHAEL W. WYNNE, Secretary, | ) | |
| Department of Air Force, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Stay Discovery, filed on July 14, 2008, seeking an Order from the Court staying discovery "to allow for the filing of dispositive motions regarding the Plaintiff's administrative and discrimination claims."  (Doc. 34, at 4.)  Although the *pro se* Plaintiff apparently informed Defendant that she was opposed to the Motion "at this time" (*id*., at 1), she failed to file a response to the motion and the time to do so has expired.  *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

## BACKGROUND

Plaintiff filed her Complaint (Doc. 1) on August 29, 2006 (Doc. 1), alleging

employment discrimination based on her national origin (Indian) as well as retaliatory termination "causally related to reprisal for her prior EEO activity . . . ." (*Id*., at 5.)  In addition to her discrimination claims, Plaintiff also is appealing a previous administrative determination by the Merit Systems Protection Board (MSPB) that upheld's Defendant's "decision to terminate Plaintiff's employment as a Supervisory General Engineer at McConnell Air Force Base in Wichita, Kansas."  (Doc. 34, at 2.)

## DISCUSSION

"If a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  ***D.Kan. Rule 7.4***.  The Court notes that Plaintiff is representing herself *pro se*.  This does not, however, excuse her from responding to Defendant's motion.  *See **Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that while *pro se* litigants are held to a less stringent standard, this does not mean that a court must assume the role of advocate for the *pro se* litigant).  Even so, the Court will examine Defendant's motion on its merits.

It is the general policy of this District not to stay discovery, notwithstanding the existence of pending dispositive motions.  ***Wolf v. United States***, 157 F.R.D. 494, 495 (D. Kan. 1994).  Typically, however, the decision to stay discovery rests

within the discretion of the trial court. *Kutilek v. Gannon*, 132 F.R.D. 296, 297

(D. Kan. 1990); *see also American Maplan. Corp. v. Heilmayr*, 203 F.R.D. 499,

501 (D. Kan. 2001) (stating that a magistrate's non-dispositive pretrial orders are

subject to a deferential, "clearly erroneous" standard).

Plaintiff's case is considered a "mixed case" because it is a petition for

review of a MSPB decision that includes administrative as well as discrimination

claims.[1]  *Williams v. Rice*, 983 F.2d 177, 179-80 (10th Cir. 1993).  A court must

uphold a MSPB decision unless it is determined to be: "(1) arbitrary, capricious, an

abuse of discretion, or otherwise not in accordance with law; (2) obtained without

procedures required by law, rule, or regulation having been followed; or (3)

unsupported by substantial evidence."  *Id*., at 180 (quoting 5 U.S.C. § 7703(c)).  In

addition, a court may not substitute its own judgment for that of the MSPB.

*Burfield v. Norton*, 69 Fed.Appx. 940, 941 (10th Cir. 2003) (citation omitted).

A court shall limit its review of a plaintiff's administrative claims to the

administrative record.  *Hayes v. United States Gov't Printing Office*, 684 F.2d

137, 141 (D.C. Cir.1982).  As for the discrimination claims, however, the

---

[1]  Normally, pursuant to 5 U.S.C. § 7703(b)(1), the Federal Circuit has exclusive jurisdiction over appeals from the MSPB, except where, as here, the appellant's claim includes an allegation of discrimination.  *See* 5 U.S.C. § 7703(b)(2).  *See also Wall v. United States*, 871 F.2d 1540, 1542 (10th Cir.1989), *cert. denied*, 493 U.S. 1019, 110 S.Ct. 717, 107 L.Ed.2d 737 (1990); *Romain v. Shear*, 799 F.2d 1416, 1421 (9th Cir.1986), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987).

petitioner "shall have the right to trial de novo by the reviewing court." **Williams**, 983 F.2d at 179 (citing 5 U.S.C. § 7703(c)).  Defendant argues that the parties need not engage in additional discovery regarding either Plaintiff's administrative (MSPB) or discrimination claims before briefing on dispositive motions.

Because a review of Plaintiff's non-discrimination (*i.e.*, administrative) claims are limited to the administrative record, the Court agrees with Defendant's contention that "additional facts that might be sought in additional discovery could not affect, or even be considered by this Court, in its resolution of the dispositive motion."  (Doc. 34, at 3.)  Thus, an Order staying discovery regarding Plaintiff's administrative claims is appropriate.

Although review of Plaintiff's discrimination claim is not limited to the administrative record, the Court finds that a discovery stay regarding these claims is also appropriate.  In his motion, Defendant describes the extensive discovery that occurred while Plaintiff was represented by counsel during the underlying administrative proceeding.[2]  (*Id*.)  Depositions of Plaintiff and her supervisor were taken, an evidentiary hearing was held (resulting in a transcript of nearly 400 pages), and more than 6,000 pages of records "were created and exchanged during

---

[2]  Because Plaintiff did not respond to Defendant's motion, the Court accepts Defendant's description of these events/facts as accurate for purposes of this motion.

4

the course of the administrative proceeding." (*Id.*)  Thus, to the extent discovery on issues relating to Plaintiff's discrimination claims previously occurred during the administrative proceedings, a stay is logical, efficient and appropriate, and will not prejudice Plaintiff.  However, to the extent Plaintiff can make a sufficient and timely showing that she requires discovery regarding a specific matter previously unaddressed that would affect the resolution of the dispositive motion, the Court will consider a partial lift of the stay to allow limited and specifically defined discovery.  *See* **Wolf v. U.S.**, 157 F.R.D. 494, 495 (D.Kan. 1994).

Defendant's motion is both unopposed and facially valid.  The Court, therefore, GRANTS Defendant's motion subject to further analysis should Plaintiff make a sufficient showing of need.

**IT IS THEREFORE ORDERED** that Plaintiff's Defendant's Motion to Stay Discovery (Doc. 34) is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 19th day of August, 2008.

s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge

5