IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANJANA A. DOSSA,

        Plaintiff,

        vs.                                      Case No. 06-1263-JTM

MICHAEL W. WYNNE,
Secretary, Department of Air Force

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Anjana Dossa has filed the present "mixed case" action challenging her dismissal from employment at McConnell Air Force Base at Wichita, Kansas. First, she challenged the termination in an administrative action before the Merit Systems Protection Board (MSPB). Second, she has advanced a claim that her termination was the product of discrimination based on gender and national (Italian) origin.

The MSPB rejected Dossa's administrative challenge, and that resolution is now before the court. Unlike the *de novo* consideration of Dossa's discrimination claims, the court reviews her appeal from the MSPB's administrative decision on a deferential basis, upholding the decision unless that decision was abitrary and capricious, rendered by a procedure contrary to the law, or not supported by substantial evidence. *Daugherty v. Thompson*, 322 F.3d 1249, 1254 (10th Cir. 2003).

Consistent with the court's prior order, the parties have separately briefed the issues surrounding Dossa's administrative claim. Following the entry of this order, the court will schedule briefing on the remaining discrimination claims.

The evidentiary record submitted to the MSPB establishes that Dossa was selected as a Supervisory General Engineer, GS-0801-13, effective November 1999, by James M. Condon, Deputy Base Civil Engineer, McConnell AFB, Kansas. Dossa's first level supervisor was Condon; her second level supervisor was Lt. Col Charles Emmette, Base Civil Engineer.

In late 2002 and early 2003, Condon and Emmette noted deterioration in Dossa's performance as flight chief and supervisory general engineer; they discussed it with her. In early 2003, Condon continued reporting further problems in Dossa's performance, noting numerous complaints from her subordinates, peers, and other organizations at the airbase. Condon began focused personal assistance and counseling with Dossa, and began to thoroughly document reported problems and the resulting counseling sessions. He advised Dossa in writing that her performance was unacceptable in three critical elements of her performance plan: (1) she was providing unacceptable, inaccurate products; (2) she was failing to meet deadlines; and (3) she was not communicating or providing proper guidance to her subordinates. Condon told Dossa what she must do to remain in the position and completed an appraisal at the outset of the performance period.

Dossa was given a 90-day performance improvement plan ("PIP"). Under this plan, Condon met with Dossa every two weeks for documented, personalized performance feedback sessions. However, no progress was noted, and Dossa failed to meet five performance elements during the PIP. Dossa took no responsibility for the problems or errors that occurred and were continuing to occur within her department, blaming the problems on her subordinates, her peers, other

organizations, and her supervisors. Her response to direction was repeatedly, "we shall see." (MSPB R., at 2245-2248).

After Dossa's performance failed to improve, Condon proposed her removal under 5 U.S.C. §4303. Condon gave Dossa two extensions of time within which to respond to the proposed removal, but no oral or written reply was ever received from Dossa or her representative, Dennis Friedman. Dossa was terminated on June 19, 2004.

The court's authority to review the administrative findings by the MSPB judge is narrow. The court seeks to determine whether the administrative decision-maker "acted within the scope of its authority; followed the necessary procedural requirements; and made a decision that was not arbitrary, capricious, an abuse of discretion, in which the relevant factors were considered and there was no clear error of judgment." *Wilder v. Prokop*, 846 F.2d 613, 619 (10th Cir. 1988). The court will not substitute its judgment for that of the administrative judge, acting instead only to ensure that federal law and required procedures have been followed and that the underlying decision was not arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with law. *Id.* An administrative decision is not arbitrary or capricious if it has some "rational basis in law." *Id.* at 620; *See Williams v. Rice*, 983 F.2d at 180. Further, in reviewing the evidence, the court will defer to the administrative judge's credibility findings, in the absence of exceptional circumstances. *United States v. Silvers*, 84 F.3d 1317, 1328 (10th Cir. 1996), *cert. denied*, 519 U.S. 1079 (1997).

In her brief to this court, Dossa fails to present any valid argument that her non-discrimination claims were resolved by improper procedure, were rejected in an arbitrary or capricious decision, or that no substantial evidence supported the MSPB judge's decision. Instead, eschewing any argument directed solely at her non-discrimination claims, Dossa essentially argues

that the court *cannot* resolve those claims without also considering her claims of discrimination. Specifically, she argues that the court cannot accept the MSPB judge's credibility findings, since that judge failed to also consider her various claims of discrimination. She further attaches to her brief a host of evidentiary materials which were not a part of the record before the MSPB, but which were later introduced as a part of her discrimination complaint before the EEOC.

The plaintiff's argument is without merit. As noted earlier, the court must defer to the credibility determinations of the administrative law judge, and Dossa has pointed to no exceptional circumstances which would justify the court in reevaluating credibility of witnesses at this appellate level. Rather, this court's function is to determine whether proper procedures were used, and whether substantial evidence supports the administrative decision. *See Wilder v. Prokop*, 846 F.2d 613, 619 (10th Cir. 1988).

Here, the records show that proper procedures were used, and there was substantial evidence that Dossa was failing to meet at least one of the critical performance criteria (8E Managing). The MSPB judge determined that this performance criteria was appropriate under 5 U.S.C. §4302(b)(1); 5 C.F.R. §432.104-105. (R. at 2139). The judge found that Dossa's performance as to Managing was unacceptable, even though she had been given a reasonable opportunity for improvement under an appropriate plan. (Id. at 2137-2142).

In reaching this decision, the MSPB judge discussed Dossa's performance in the context of the critical elements of her position, the relevant performance standard, and the existence of feedback sessions which were employed to help Dossa succeed in meeting those performance criteria. There was substantial evidence of mismanagement in Dossa's department. (Id. at 2142-43). The adminstrative judge determined that Condon's testimony was credible. (Id. at 2143-44). In

4

contrast, Dossa was found to be not fully credible, after testifying alternatively that there were no problems in her department, and blaming the problems in her department on her subordinates.

The court finds substantial evidence that the Secretary applied the necessary procedures and that Dossa's performance was not acceptable at the end of the PIP. The decision, removal of an employee whose performance is unacceptable, is supported by a rational basis in the law. The decision was not arbitrary or capricious, was premised on substantial evidence, and was consistent with statutory standards for termination of a civil service employee. 5 U.S.C. §4301(3).

IT IS ACCORDINGLY ORDERED this 23rd day of February, 2009, that the plaintiff's nondiscrimination claims are hereby dismissed.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE