# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANJANA A. DOSSA, )<br>)<br>               Plaintiff, )<br>)<br>v.                                        )<br>)<br>MICHAEL W. WYNNE, Secretary, )<br>Department of Air Force,           )<br>)<br>               Defendant. )<br>_____ ) | Case No. 06-1263-JTM |

## MEMORANDUM AND ORDER

Before the Court is Defendant's Motion to Set Briefing Schedule on Discrimination Claims. (Doc. 54). Plaintiff objected to the motion and requested a Rule 16 conference to schedule discovery in the case. (Doc. 58 at 4). The Court took the motion under advisement pursuant to a previous Memorandum and Order of May 14, 2009. (Doc. 60). In that prior Memorandum and Order, the Court deferred ruling on the motion for a briefing schedule to give Plaintiff the opportunity "to identify with specificity the discovery it believes it requires in this case and which has not been covered by discovery previously conducted during the administrative proceedings." (Doc. 60 at 9).

Plaintiff has now filed its Response to the Court's prior order (Doc. 62), and

Defendant has filed a Reply directed to Plaintiff's Response. (Doc. 64). In addition, shortly after entry of the prior Memorandum and Order of May 14, 2009, Plaintiff filed a Motion to Stay Pending Decision of the EEOC (Doc. 61), and Defendant has responded, objecting to the request for a stay. (Doc. 63).

## Discussion

A. <u>Defendant's Motion to Set Briefing Schedule on Discrimination Claims.</u>

In the Memorandum and Order of May 14, 2009, the Court was very specific about the information required of Plaintiff concerning future discovery as to the discrimination claims in this case:

> Plaintiff shall file with the court and serve on Defendant's counsel an itemization of the specific discovery it seeks as to the discrimination claims in this case. This shall include the names, addresses and positions of any persons Plaintiff seeks to depose, the subject matter of the deposition and the anticipated length of such depositions. As to any paper discovery, Plaintiff shall identify the specific topics of any interrogatories or requests for admission it seeks to submit pursuant to Fed. R. Civ. P. 33 and 36, and shall identify by description any documents it may seek to have produced pursuant to Fed. R. Civ. P. 34. Plaintiff shall also outline her position on other aspects of a proposed discovery plan as to the discrimination claims that includes all of the topics identified in Fed. R. Civ. P. 26(f)(3).

(Doc. 60 at 9-10). This Order effectively sought the type of information necessary to formulate a discovery plan pursuant to Fed. R. Civ. P. 26(f)(3).

In her response to the Court's order, Plaintiff made no mention of any intent to conduct depositions and restricted the response to topics for written discovery. However, Plaintiff did not furnish the degree of specificity required by the Court concerning the written discovery she believed was necessary. For example, Plaintiff did not identify by description or category the documents that she might seek pursuant to Fed. R. Civ. P. 34. Instead, she only pointed out that "a substantial portion" of the six thousand documents produced in the administrative proceedings were produced by Plaintiff and that she produced those documents on two occasions, thereby creating a record that had two identical copies of some documents. (Doc. 62 at 2). There is absolutely no description of the category of documents Plaintiff might seek to require Defendant to produce under Rule 34. In fact, Plaintiff's only attempts to identify any topics for discovery were two generalized statements that

> [T]he plaintiff's discovery requests will address, specifically, the generalized, self-serving representations made by some agency witnesses at the administrative hearings which plaintiff contends are not supported by documentary evidence and which, in fact, may be refuted by documentary evidence.
>
> * * *
>
> [T]he specific areas that plaintiff intends to explore through written discovery concern performance issues, such as alleged missed suspenses, poor quality work,

> inaccurate work, and other alleged deficiencies bearing
> upon the issues of communication, teamwork, planning,
> and other performance criteria.

(Doc. 62 at 1-2).  Finally, although directed by the Court to do so, Plaintiff failed to outline her position concerning other aspects of a discovery plan as set out in Fed. R. Civ. P. 26(f)(3).

Defendant objected to any further discovery regarding the general topics outlined in Plaintiff's response to the Court's order, arguing that any further discovery would be duplicative.  (Doc. 64 at 1-2).  Defendant then cited to portions of the administrative record which was filed in this Court, *see* Doc. 40, to argue that Plaintiff has admitted to the accuracy of the failings that formed the basis for her termination by Defendant.  (Doc. 64 at 2-3).

While the Court is very bothered by Plaintiff's unsatisfactory response to the Order of May 14, 2009, and Plaintiff's failure to be specific as to the discovery she seek to undertake, the Court will allow Plaintiff the right to conduct written discovery[1] pursuant to the following scheduling order:

---

[1] Because Plaintiff did not request any depositions and did not identify any specific individual that needed to be deposed, no depositions will be allowed in this case. In addition, because Plaintiff did not address the issues set out in Fed. R. Civ. P. 26(f)(3), as instructed, the Court finds that she has waived any objection to the limitations on discovery which the court is setting by this Memorandum and Order.  *See e.g.*, Rule 26(f)(3)(E) (concerning the parties' views as to limitations on discovery). Likewise, because Plaintiff did not state the need for any expert testimony, no expert testimony will be allowed in this case.  Finally, because Plaintiff did not address the timing, form or

1.	All written discovery pursuant to Fed. R. Civ. P. 33, 34 and 36 shall be served not later than **October 12, 2009**; responses and/or objections shall be served not later than **November 13, 2009**;

2.	No party shall serve more than 25 interrogatories, including all discrete subparts, to any other party.

3.	No party shall serve more than 25 requests for admission to any other party.

4.	No party shall serve any requests for production of documents that seek documents which have already been produced during the administrative proceedings in this case.

5.	Any motions to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer or objection shall be waived.  *See* D. Kan. Rule 37.1(b).

6.	All dispositive motions shall be filed by **January 15, 2009;** responses

---

requirement for disclosures under Fed. R. Civ. P. 26(a), and because significant discovery has already taken place throughout the administrative proceedings, no such disclosures will be required in this case. *See e.g.*, Rule 26(f)(3)(A).

shall be filed on or before **February 8, 2010**; and replies, if any, shall be filed on or before **March 3, 2010.** The establishment of these deadlines for the filing of dispositive motions does not preclude any party from filing an earlier dispositive motion if that party believes that the requirements for entry of summary judgment have been met. If a dispositive motion is filed prior to the above deadline, the opposing party is reminded of its obligation to comply with the requirements of Fed. R. Civ. P. 56(f). *See e.g.*, Garcia v. U.S. Air Force, 533 F.3d 1170, 1179 (10th Cir. 2008). *See also* Child A., Child B. ex rel. Gaither v. Allstate Ins. Co., 2009 WL 962678, **7-8 (10th Cir. 2009) (A party may not "simply stat[e] that discovery is incomplete," but must instead " 'state with specificity how the additional material will rebut the summary judgment motion.' " Libertarian Party of N.M., 506 F.3d at 1308-09 (*quoting* Ben Ezra, Weinstein & Co. v. Am. Online Inc., 206 F.3d 980, 987 (10th Cir.2000)).

    7.    The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the Court.

    8.    A telephone status conference is set for **December 15, 2009 at 10:00 a.m.** to address the status of the case and any discovery disputes that may have arisen. The court will place the call.

B.    <u>Plaintiff's Motion to Stay Pending Decision of the EEOC.</u>

Plaintiff describes her pursuit of her discrimination claims through the administrative process, including a hearing before an EEOC administrative judge and her subsequent appeal to the EEOC. (Doc. 61 at 2). The appeal was submitted more than two years ago, and Plaintiff argues that the issues before the EEOC are critical issues in this current lawsuit, that the discrimination issues were fully developed before the EEOC, and therefore the EEOC's findings are "fundamental to the propriety of the termination action, [and] Dossa could be prejudiced if she were compelled to proceed with [this] litigation . . . without first receiving a decision from the EEOC on the underlying discrimination claim. . . ." (Doc. 61 at 3). Plaintiff states that the EEOC appeal involves the fundamental issue of whether her placement on a performance improvement plan (PIP) was discriminatory, and whether her alleged unsuccessful completion of the PIP was discriminatory. (Doc. 61 at 2). Plaintiff seeks an order staying these proceedings until resolution of the EEOC claim.

Defendant objects to any stay arguing that the EEOC case was filed on October 15, 2003 concerning discrimination that had allegedly occurred prior to September 30, 2003, which was <u>before</u> the implementation of a PIP for Plaintiff on October 24, 2003. Therefore, Defendant argues that the EEOC decision will not address any of the issues concerning the PIP. (Doc. 61 at 2-3). Defendant

continues by arguing that in any event, since Plaintiff has requested a *de novo* review by filing this case, this court will not be bound by the administrative findings of the EEOC, citing Timmons v. White, 314 F.3d 1229, 1234 (10th Cir. 2003).

In Timmons, the Tenth Circuit was presented with a question of first impression in this circuit concerning whether an agency defendant is bound by a prior EEOC finding of discrimination.  314 F. 3d at 1233.  After reviewing cases from other circuits and noting the difference between a enforcement action and a *de novo* civil action, the Tenth Circuit concluded that in a *de novo* civil action a federal employer is not bound by a prior adverse finding by the EEOC.  314 F.3d at 1234.  Therefore, it appears that the finding of the EEOC as to Plaintiff's claims of discrimination will not be binding in this action.

It is true, however, that the EEOC findings with respect to an employment discrimination claim may be admitted as evidence in a subsequent trial *de novo*. 314 F.3d at 1235 (*citing* Chandler v. Roudebush, 425 U.S. 840, 863 n. 39 (1976). In fact, the Tenth Circuit, in remanding the present case, specifically cited Chandler in its opinion:

> On remand, Ms. Dossa is entitled to "a *de novo* 'civil action' equivalent to that enjoyed by private-sector employees" on these claims. *Chandler v. Roudebush*, 425 U.S. 840, 863 (1976); *accord Blondo v. Bailar,* 548

> F.2d 301, 304 (10th Cir. 1977).  "Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial *de novo*."  Chandler, 425 U.S. at 863 n. 39.

Dossa v. Wynne, 529 F.3d 911, 914 (10th Cir. 2008) (emphasis added).

The Court does not believe, however, that this case should be stayed pending any decision by the EEOC.  Plaintiff has already submitted what she characterizes as "an extensive, fact-based brief in support of her allegations of discrimination" in the EEOC case, and she should therefore be able to assert the same facts in the present case, particularly with the additional written discovery being allowed by this Memorandum and Order.  Under these circumstances, there should be no prejudice to Plaintiff from a denial of the requested stay.  There is no reason to further delay the discovery and preparation of this case until the EEOC issues its opinion -- an opinion which may or may not be favorable to Plaintiff's position.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Briefing Schedule on Discrimination Claims (Doc. 54) is GRANTED in PART and DENIED in PART as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Stay Pending Decision of the EEOC (Doc. 61) is DENIED.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 18th day of September, 2009.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge